IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHANIEL R. BAILEY,

             Plaintiff,

v.                                                                        Case No. 26-cv-2322-EFM-JBW

US FOODS,

             Defendant.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Nathaniel Bailey, proceeding *pro se* and *in forma pauperis*, filed an Employment Discrimination Complaint commencing this action alleging employment discrimination on the basis of disability under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA"). This matter is currently before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (Dkt. 5).

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel. In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity

---

[1] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

of the legal issues raised by the claims."[2] Further, the party requesting the appointment of counsel

must make diligent efforts to secure an attorney on his or her own.[3]

The Court can also appoint counsel under the ADA "in such circumstances as the court

may deem just."[4] Similar factors are considered when evaluating a request for appointment of

counsel under 42 U.S.C. § 2000e–5(f)(1). Those factors are: (1) "plaintiff's ability to afford

counsel; (2) plaintiff's diligence in searching for counsel; and (3) the merits of plaintiff's case."[5]

In addition, "plaintiff's capacity to present the case without counsel should be considered in close

cases as an aid in exercising discretion."[6] The discretion granted to the court in appointing counsel

is extremely broad.[7]

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not

provided any mechanism or funding to compensate counsel appointed in civil cases.[8] Therefore,

---

[2] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[3] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[4] Title VII of the Civil Rights Act of 1964 provides that the district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action. 42 U.S.C. § 2000e–5(f)(1) states that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." 42 U.S.C. § 12117(a) of the ADA incorporates the powers, remedies and procedures of 42 U.S.C. § 2000e–5(f)(1).

[5] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

[6] *Id.*

[7] *Id.* at 1420.

[8] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment) so the Court must make thoughtful and prudent use of its appointment power. The District of Kansas form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel. The Court has granted Plaintiff's motion to proceed without prepayment of fees (*in forma pauperis*) in this case.[9] Plaintiff has also shown diligent efforts to secure an attorney on his own before filing this motion. He attaches emails to his motion showing that he contacted multiple attorneys regarding legal representation and was unable to secure counsel. However, the remaining factors do not warrant the appointment of counsel. A review of Plaintiff's complaint shows he appears capable of adequately representing himself at this early stage of the proceedings, and the factual and legal issues do not appear overly complex. Plaintiff has not demonstrated any reason why he cannot continue to investigate the facts and present his claims to the Court in this case, particularly given the liberal standards governing *pro se* litigants. "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [the pro se party requesting counsel] from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[10] On balance, the relevant factors weigh against appointing counsel for Plaintiff at this time.

---

[9] Order Granting Leave to Proceed *In Forma Pauperis* (Dkt. 4).

[10] *Cahail v. United States*, No. 25-cv-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. 5) is **denied without prejudice**.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated June 29, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

4